

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 30, 1963

Honorable Andy Rogers, Chairman
Constitutional Amendments Committee
The Senate of Texas
Austin, Texas

Opinion No. C-70

Re: Whether the Constitution would
have to be amended in order to
provide retirement, disability
and death benefits to officers
and employees of the political
subdivisions of Jefferson
County.

Dear Senator Rogers:

Your request for an opinion from this office reads
as follows:

"As Chairman of the Constitutional Amendments
Committee of the Senate, we request an opinion
from you as to whether or not the Constitution
would have to be amended in order to provide all
political sub-divisions of Jefferson County, Texas,
with retirement, disability and death benefits
for all appointed officers and employees of all
political sub-divisions within Jefferson County."

Section 62(b) of Article XVI of the Constitution of
Texas states as follows:

"§62 <u>State and county retirement, disability
and death compensation funds</u>

". . .

"(b) Each county shall have the right to pro-
vide for and administer a <u>Retirement, Disability</u>
and <u>Death Compensation Fund</u> for the <u>appointive offi-
cers and employees of the county</u>; provided same is
authorized by a majority vote of the qualified vot-
ers of such county and after such election has been
advertised by being published in at least one news-
paper of general circulation in said county once
each week for four consecutive weeks; provided that

-342-

the amount contributed by the county to such Fund shall equal the amount paid for the same purpose from the income of each such person, and shall not exceed at any time five per centum (5%) of the compensation paid to each such person by the county, and shall in no one year exceed the sum of One Hundred and Eighty Dollars ($180) for any such person.

"All funds provided from the compensation of each such person or by the county, for such Retirement, Disability and Death Compensation Fund, as are received by the county, shall be invested in bonds of the United States, the State of Texas, or counties or cities of this State, or in bonds issued by any agency of the United States Government, the payment of the principal of and interest on which is guaranteed by the United States, provided that a sufficient amount of said funds shall be kept on hand to meet the immediate payment of the amount likely to become due each year out of said Fund, such amount of funds to be kept on hand to be determined by the agency which may be provided by law to administer said Fund; and provided that the recipients of benefits from said Fund shall not be eligible for any other pension retirement funds or direct aid from the State of Texas, unless the Fund, the creation of which is provided for herein, contributed by the county, is released to the State of Texas as a condition to receiving such other pension aid."  (Emphasis added).

You will note that each county in Texas may provide for and administer a retirement, disability and death compensation fund after the necessary procedure outlined above has been complied with.  It is our opinion that it is unnecessary for the Constitution to be amended each time a certain county desires these benefits for its own employees.  Attorney General's Opinion No. V-158 (1947).

With respect to any other political subdivisions existing in Jefferson County, Section 51-e of Article III of the Constitution states as follows:

"Each incorporated city and town in this State shall have the power and authority to provide a system of retirement and disability pensions for its appointive officers and employees who have become disabled as a direct and proximate result of the performance of their duties, or have passed

their sixty-fifth birthday, or have been employed
by such city or town for more than twenty-five
(25) years and have passed their sixtieth birthday,
when and if, but only when and if, such system has
been approved at an election by the qualified vot-
ers of such city or town entitled to vote on the
question of issuance of tax supported bonds; pro-
vided that no city or town shall contribute more
than the equivalent of seven and one half (7½) per
centum of salaries and wages of the officers and
employees entitled to participate in its pension
system, and that said officers and employees shall
contribute a like amount; and this Amendment shall
not reduce the authority nor duty of any city or
town otherwise existing."

Section 51-f states as follows:

"The Legislature of this State shall have the
authority to provide for a system of retirement
and disability pensions for appointive officers
and employees of cities and towns to operate State-
wide or by districts under such a plan and program
as the Legislature shall direct and shall provide
that participation therein by cities and towns shall
be voluntary; provided that the Legislature shall
never make an appropriation to pay any of the cost
of any system authorized by this Section."

We call your attention to the fact that Section 51-e
applies to incorporated cities and towns only, and furthermore
that there is no provision in that Section entitling any offi-
cer or employee of such city or town to death benefits.  There-
fore that Section would have to be amended for cities and towns
to provide for these benefits.

If Jefferson County contains any political subdivi-
sions other than incorporated cities and towns, then the Consti-
tution contains no provisions whereby they may provide for re-
tirement, disability or death benefits, and in that case the
Constitution would have to be amended accordingly.

## SUMMARY

Section 62 of Article XVI of the Constitution
of Texas need not be amended for Jefferson County
to provide retirement, disability and death bene-
fits for its officers and employees.  Section 51-e
of Article III will have to be amended for incor-
porated cities and towns to provide death benefits

for their officers and employees.  The Constitution will have to be amended for any other political subdivisions of Jefferson County to provide for retirement, disability and death benefits.

Yours very truly,

WAGGONER CARR
Attorney General

By Fred D. Ward
Assistant

FDW:ms:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Sam Wilson
Ernest Fortenberry
John Reeves
Albert Pruitt

APPROVED FOR THE ATTORNEY GENERAL

BY: Stanton Stone